Concurring Opinion by
Arthur, J.
Concurring Opinion by Arthur, J.
I agree that because White Pine’s Assault and Battery Exclusion uses a term that connotes intentionality (“commit *514 ted”), its policy can fairly be read to imply that the exclusion does not apply in the absence of evidence that the assault or battery in question was the result of an intentional act. At trial, White Pines did not rule out the (remote) possibility that Mr, Taylor was shot by a sleepwalker or that he was wounded after someone carelessly dropped a loaded weapon. For that reason, I agree that the circuit court was not compelled to rule in White Pine’s favor at trial. If White Pine put on some admissible evidence to show that someone intended to fire the shot that injured Mr. Taylor, and if Mr. Taylor had persisted in his professed ignorance about how the shooting occurred, I do not see how the court could have failed to rule in White Pine’s favor.